FILED

SEP 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

Civil Action No:

Case number ~~█████████~~

**Oladayo Oladokun**
**REG# 21480-037**
**3590 Hayes street NE #104**
**Washington, D.C. 20019**
**Petitioner**

**VS**

**Respondents**

**1) Bureau of Prisons**
**Federal Bureau of Prison**
**320 First Streets NW**
**Washington, D.C. 20534**

**2) Hope Village Correction Center, Director wilmer**
**2844 Langston Place  SE**
**Washington, D.C. 20032**

**3) Department of Justice**
**Federal Department of Justice**
**Tenth Street and Constitution Ave. NW**
**Washington D.C. 20530**

**4) Warden Vanessa Adams**
**Released Custodian**
**F.C.I Petersburg Medium**
**P.O. Box 90043   Petersburg, VA 23804**

CASE NUMBER   1:06CV01595

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 09/14/2006

**5) Officer of the Solicitor General of the United States**

**Department of Justice**

**Tenth Street and Constitution Ave. NW**

**Washington D.C. 20530**


**6) Roberto Gonazales, Attorney General of the United States Department of Justice**

**Tenth Street and Constitution Ave. NW**

**Washington D.C. 20530**


**PETITIONER WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C 2241**

===================================================================

### Introductory Statement

Now comes the Petitioner **Oladayo Oladokun** Petition's this Honorable Court for a Writ of Habeas Corpus under 2241. The Petitioner is being held illegally under the now void USSG pursuant to U.S. Vs. Booker. Said action is in fact a violation of Fifth and Sixth Amendment's of the United States Constitution. "Being deprived of liberty is also a violation of the Fifth Amendment of the United States" These said Habeas Corpus proceedings is in fact the only appropriate remedy to this Petitioner.

### Jurisdiction

This Habeas Corpus action is brought under 2241 and the Fifth & Sixth Amendment of the United States Constitution. This court has jurisdiction and subject matter of this action under 28 USC 1331, 1343 (a) (3), (4).


(A)

# Table of Contents

Respondent's------------------------------------------------------------------Cover

Respondent's Continue-------------------------------------------------(A) Page

Introductory Statement------------------------------------------------(A) Page

Jurisdiction-----------------------------------------------------------------(B) Page

Table of Authorities--------------------------------------------------------(B) Page

Statutes and Rule----------------------------------------------------------(B) Page

Statutes and Rules Continue-----------------------------------------(C) Page

Parties-----------------------------------------------------------------------(C) Page

Parties Continue-----------------------------------------------------------(D) Page

Parties Continue II-------------------------------------------------------(E) Page

Complaint------------------------------------------------------------------1 Page

First Claim for Relief----------------------------------------------------15 Page

Second Claim for Relief-----------------------------------------------15 Page

Third Claim for Relief---------------------------------------------------15 Page

Conclusion-----------------------------------------------------------------16 Page

## Table of Authorities Cited

U.S. Vs. Booker----------------------------------------------------------1,6,9,10,13,14,15 Page

Painter Vs. Shalala----------------------------------------------------------10 Page

Barlet Vs. Bowen----------------------------------------------------------10 Page

U.S. Vs. Baucum----------------------------------------------------------10 Page

Fleming Vs. Nestor----------------------------------------------------------10 Page

American Jurisprudence 2nd at 203 Volume 16A----------------------------10 Page

American Jurisprudence 199----------------------------------------------------10 Page

American Jurisprudence Volume 16A at 203--------------------------------11 Page

## Statutes and Rules

Article I, 2 and 3 U.S. Constitution----------------------------------------------1 Page

P 98-473----------------------------------------------------------1,5,6,10,11 Page

18 USC 3551----------------------------------------------------------1 Page

21 USC 841----------------------------------------------------------1,6,7 Page

18 USC 3551----------------------------------------------------------1,6 Page

18 USC 3554----------------------------------------------------------1 Page

Federal Civil Rule 8----------------------------------------------------------1 Page

Federal Civil Rule 9 ----------------------------------------------------------1 Page

18 USC 3555----------------------------------------------------------2, 6 Page

18 USC 3552----------------------------------------------------------2 Page

18 USC 3553----------------------------------------------------------2,6,7,8 Page

18 USC 3556----------------------------------------------------------6 Page

Title 29 994----------------------------------------------------------2 Page

18 USC 3663 (b)----------------------------------------------------------2 Page

18 USC 3583 9(b)----------------------------------------------------------2, 8, 12 Page

18 USC 3663----------------------------------------------------------2 Page

## Statutes and Rules
### Continue

USSG----------------------------------------------------1, 2, 4, 6, 7, 9, 11, 13, 14, 15 Page

USDJ---------------------------------------------------------------------------------3 Page

Fifth Amendment---------------------------------------------1, 3, 5, 9, 10, 13, 14, 15 Page

Six Amendment-------------------------------------------------1, 5, 9, 10, 13, 14, 15 Page

Rule 32-------------------------------------------------------------------------------3 Page

98 Stat 1728-------------------------------------------------------------------------5 Page

18 USC 1987 Edition----------------------------------------------------------------6 Page

Title 994---------------------------------------------------------------------------2, 6 Page

Ninth Amendment--------------------------------------------------------------------11 Page

Sentencing Code Chapter 227 3551------------------------------------------------7 Page

18 USC 3624------------------------------------------------------------------------8 Page

Eight Amendment------------------------------------------------------------------10 Page

18 USC 4161----------------------------------------------------------------------12 Page

18 USC 4164----------------------------------------------------------------------12 Page

18 USC 4205----------------------------------------------------------------------12 Page

18 USC 4209----------------------------------------------------------------------12 Page

18 USC 4207----------------------------------------------------------------------12 Page

PL 98-923-------------------------------------------------------------------------12 Page

### Parties

The Petitioner is a resident of hope village a facility of bureau of prison and also resident of Washingtion D.C. and at all times relevant resident of hopewell ,virgina in the city of peterburg were the petitioner housed.

At all times relevant to this action Respondent Vanessa Adams  was/is Warden…………… Employed by the Bureau of Prisons to perform duties including housing/custody of Petitioner.

A. At all times relevant, this Respondent was acting as the agent, servant, and employee of The United States Department of Justice.

**(C)**

B. The Respondent is being held liable under his or her official and individual capacity.

At all times relevant to this action Respondent F.C.I. Peterburg  was/is
Prison................... employed by the Bureau of Prisons to perform duties including
housing/custody of Petitioner.

A. At all times relevant, this Respondent was acting as the agent, servant, and employee
of The United States Department of Justice.

B. The Respondent is being held liable for the damages pursuant to USC 2241.

At all times relevant to this action Respondent Bureau of Prisons was/is Head of Federal
Prison Operations................... employed by the United States Department of Justice to perform
duties including housing/custody of Petitioner.

A. At all times relevant, this Respondent was acting as the agent, servant, and employee
of The United States Department of Justice.

B. The Respondent is being held liable for the damages pursuant to USC 2241.

At all times relevant to this action Respondent F.C.I. Peterburgs was/is
Prison................... employed by the Bureau of Prisons to perform duties including
housing/custody of Petitioner.

A. At all times relevant, this Respondent was acting as the agent, servant, and employee
of The United States Department of Justice.

B. The Respondent is being held liable for the damages pursuant to USC 2241.

At all times relevant to this action Respondent Office of the Solicitor General of the
United States Department of Justice was/is Solicitor General Office... employed by The United
States of America to perform duties including housing/custody of the Petitioner.

A. At all times relevant, this Respondent was acting as the agent, servant, and employee
of The United States.

B. The Respondent is being held liable for the damages pursuant to USC 2241.

At all times relevant to this action Respondent Roberto Gonzales was/is United States
Attorney General employed by the United States of America to perform duties including
housing/custody of Petitioner.

A. At all times relevant, this Respondent was acting as the agent, servant, and employee
of The United States.

B. The Respondent is being held liable under his or her official and individual capacity.

**End**

## Complaint

### 1

On January 12, 2005, numbers, 04-104 & 04-105; the Supreme Court of the United States cancelled all orders in a criminal Case that caused imprisonment. In short, the 'Supremes' said all the judgments issued under the fifth and sixth amendments. The Court did not address the violations of separation of powers which was not raised in any of the papers. Yet this is the key to understanding the cancellation.

### 2

Congress may not, under any circumstances interfere with judicial discretion. Congress did this when it made mandatory the USSG on the courts. This is a Bill of Attainder, a violation of Article I, 2 & 3 of the Constitution. This is what the court said was a violation, which is called a Bill of Pains and Penalties. These points are shown very clearly in the United States Code used to prosecute any One in the federal courts, and by silence to American jurisprudence on or as to the Constitution. An equally important part to understand in that the superior reviewing body, the high court stated the law used to sentence a prisoner was invalid. There is no severance clause in the Act of Congress. P.L. 98-473 that mandated the USSG.

### 3

Under the Constitutional construction, Am Jur again, when the high court negates a provision of an Act without a severance clause, the whole act is void from the beginning, as if it never existed, can confer no rights or legal standing. This is a cancellation by any Ones definition. Any attack of direct procedures, a Habeas Corpus, will expose these matters when the U.S attorneys fail to answer directly Federal Civil Rule 8 and 9 show this conclusively. Secondarily, the sentences, even if proved by some strange set of events to be calid, are currently being executed in an illegal manner. The executive Branch, a creature of the law, is bound absolutely to act in good faith at all times, See Article II executive powers' under the constitution.

### 4

Title 18, USC 3551 authorizes only three type of sentences; probation, fine or imprisonment. The charging statues that were before the court, with one exception under Title21 841 st seq, are limited to punishment of fine and/or imprisonment. Reference to the charging instrument, the indictment and the charged office will verify the above statement. Example, 18 USC 371 cite only fine or imprisonment. Other reference sections in 18 USC 3551 and 3554 imposition of sentence, Order of Criminal forfeitures, (a separate action under criminal rules), 3555 Order of Notice to victims, 3552 Order of ..restitution, none of which authorize Supervised Release.

(1)

**5**

Title 18, USC 3553 reference Title 28 994 which also only recognizes sentences of fine, imprisonment or probation. Title 18 3583 states; "inclusion of a term of supervised Release may be included as part of a sentence, and that a requirement that a defendant be placed on a term of supervised release if such term is required by statute." Being charge under on statue and sentenced under another set of statutes exposes the fact that 'Supervised Release' is not authorized to be tacked on to a sentence of imprisonment. Reference to the Law Dictionaries and Am Jur clarify the issue. There are definitions of probation, parole, imprisonment, restraint of liberty. There is no definition for 'Supervised Release!'

**6**

It is clear from reading the USC section that supervised release is to be included as part of any punishment. In short, supervised release is in lieu of parole under prior law to the now excided USSG. Example; A sentence of 120 months with a term of supervised release after imprisonment results in a stay at prison of 60 months when supervised release is set at five years. A deduction of 54 days per year served should result in 270 day deduction of 235 days, or 7 months off the five years. Supervised Release is not an authorized sentence. Supervised Release is a separate type of restraint of liberty, a different kind of punishment! double punishment is double jeopardy! Just look at the published statements issued by the United States? Please note; that all sentencing 'case law' between November 1, 1987 and January 12, 2005, is now VOID, Suspended.... At the very least due to the fact that all those government statements we based on invalid law.

**7**

One of the most important limits laid out in the Federal Constitution is separation of power. In other words, no branch singly or collectively may encroach on another branch's power. The courts are to declare the law. Courts hold no power to make law or execute law. Those functions are exclusive to Legislature, making law, and executing Law of Process is Executive. Further, the legislative brand, in making law is absolutely barred from removing judicial powers through the laws it promulgates. Just as the executive branch, USDOJ and all its pieces are barred absolutely from issuing judicial orders, the judicial is barred from action on its own orders which must be executed exclusively by the executive.

**8**

Now we come to the crux of the issue. The Pre-Sentence Report is prepared by the United States Probation Officer, a division of the Court. Probation is a sentence served under court conditions without imprisonment, under supervision of a probation officer.

(2)

**9**

Probation is a sentence in and of itself. Parole, in criminal law, is a condition or conditional release from imprisonment executed outside prison if all the terms and conditions with the person released are satisfactorily complying with the conditions. Prison sentence of then years may be served in any manner set by law.

**10**

As seen above, there are two distinctly different kinds of punishment Supervised Release is not listed in the law dictionaries as are probation and parole. This fact by itself tells us it's a different kind of sentence.

**11**

Double Jeopardy is banned by the Fifth Amendment. "No person... shall.. Be subject for the same offense to be twice put in jeopardy of life and limb." This attached only after the jury has been sworn or after judged in a jury trial or plea, receives the first piece of evidence Trial in this instance is the sentencing. The key is to understand that a sentencing hearing is a trial. The defendant is mandatory provided with the opportunity to prove evidence, legal cause why the sentencing of conviction. This is the common law rule of decision. Federal criminal Rule 32 provides this under federal sentencing practice. This modern practice in lieu of common law right, asks the defendant why the sentence ought not be imposed, for the statement that he would like to make on his own behalf, in mitigation of punishment, the current federal practice is mandatory. The Judge must personally address the defendant otherwise the sentence is void able.

**12**

The key here is to understand that the conviction was obtained under a charge carrying a specific penalty. The offense conduct and penalty must be stated by the charging statue in order for them to be valid. The finding of guilt by jury or a pleas to the charges is absolutely limited to the charged factors. Ninety Nine point Nine percent of criminal code violations list a penalty of fine or imprisonment. And sometimes fine and/or imprisonment have no statues regarding supervised release as a form of punishment. Punishment is the sanction imposed on a person because the person has been found to have committed some act. This includes fines, imprisonment, loss of rights and privileges and a hose of other really nasty physical battery that most maturing societies have banned cruelty. Cruel and unusual punishment is barred absolutely by the Eighth Amendment to the United States Constitution as unreasonable.

**13**

Restraint of liberty is a limitation, particularly confinement in this context. Unlawful restraint is the act of restraining a person's freedom of movement without the right or authority to do so.

14

Liberty is the freedoms from all restraints, except as are justly imposed by law. This basic right guaranteed by the constitution of the United States which contemplates not only an absence of physical restraint, but personal freedom encompassing every form of individual prerogative that is not taken away by valid law enacted for the common good.

15

The foundation of this action is simple logic applied to the fact that supervised released is attached after a conviction, carrying punishment defined and limited by statute. The charging statute or code carries one set of penalties. When the change to another statute, the USSG, Sentencing guidelines, this change from criminal statute to civil statute sets the stage for Habeas Corpus application to test the legality of the new kind of sentence added to the punishment after the offense conduct has been found.

16

At this point, the sentencing trial, a person is subjected to new sentencing statutes or public laws. Charges under the criminal charge, another under the sentencing accusation, a separate set of statutes, assessments, on the conduct founding the whole claim against a person.

Double Jeopardy, as defined above and below is obvious to any layman at law and is known or should be known by the officers of the law, who thereby have a higher duty to the law. These duties are public trust for equal, fair and just administration of power assigned by law. The highest law officers voluntarily serve is the United States Constitution, as amended.

17

The issue in the charging of an aggregated sentence a supervised release it is a fact that the courts agent, the Prohibition Office, make the charge founding supervised release. The double penalty has been set by Congress. Congress is barred by Article One Section Nine of the Constitution, from transgressing on judicial function and discretion. The Separation of Powers principle, a fundamental construction under the Constitution of the United States, allows legislative power to make power to the judicial to enforce it. This fundamental principle bars absolutely, the encroachment by Legislative on Judicial. In other words, Congress may not, under any circumstance, limit or expand a sentence to be determined by the Judicial. Further, Congress, in particular and the United States in general, inclusive of its instruments, agents, assigns, employees, servants and attorneys is absolutely barred from causing a person to be subject to two sentences under different sections of law, on claims by different branches. Such law, if promulgated by Congress, is void for violations of Constitution. The Supreme Court in its plenary power over federal law issues had declared the USSG being  mandatory is unconstitutional, a violation of the Fifth an Sixth amendments, void from the beginning, conferring no powers, establishing no rights. It matters not who disagrees, the Constitution controls. The issue is clear. If one part of law, making mandatory the will of Congress over the Judicial, is void, other such incorporated provisions are also unconstitutional. PL 98473 deleted prior law or sentencing. The October 12, 1984, 98 State 1728, effective November 1, 1987, repealed prior sentencing law which contained parole provision. This means the new law, now declared unconstitutional is, replaced by the old law. Constitutional construction states that under these circumstances, the law replace is considered in effect at the moment the replacing law in invalidated.

18

In the context of this application for deliverance from supervised release, the facts are stated in the United States code representing the public and the law has been stated by the Supreme Court. a] PL

(5)

98-473 as amended is void in all of its mandatory provisions requiring the court of the United States to act under control of the Congress. b] Parole under the replaced laws went into force the moment the Supreme Court declared the USSG unconstitutional, January 12, 2005.

**19**

These facts are related to this application on the grounds that both the replaced law an the USSG RELY ON THE SAME PROVISION FOR TYPE OF SENTENCES AVAILABLE TO THE COURT. Sentences are limited to terms of **probation, fines or imprisonment. There is no authority under criminal charges for a sentence to supervised release.** It is a fact that supervised **Report** claims first pre-sentence by the Judicial branch, a violation of the separation of powers doctrine. A) Title **18** U.S.C. **1987** edition, Chapter **227.** Subchapter A-General Provisions, Section **3551** at (b) "Individuals." Individual found guilty (either by plea or trial) of an offense shall be sentenced in accordance with the provisions of Section **3551,** to-

1   a term of probation...;

2   a fine...;

3   a term of imprisonment...

A sentence to pay a fine may be imposed in addition to any other sentence. Sentence authorized by Section **3554, 3555, 3556** may be imposed in addition to the sentence required by this subsection.

**20**

Section **3553**; Imposition of a sentence, **3554** Order of criminal forfeits; **3555.** Order of notice to victims; **3556** Order of restitution do not authorize a sentence to supervised release. Section **3553** references Title **994,** Duties of the Commission, which at (a), **(1)** et. Seg. Reference the Guidelines. The (a) **(1)** section reference only to sentence of probation, fine or imprisonment. For the first time in the statutes at **28** U.S.S.G. **94** (a) **(2),** (b) are the conditions of supervised release mentioned, same referencing **18** U.S.C. § **3563** Conditions of Probation does **not** reference supervised release. Section **3583** is key! Inclusion of a term of Supervised Release after imprisonment, for the first time the illegal supervised release is presented as Code provision. a) **3583** (a) In general- The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor; "may" include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute; b) AND, AT **3583,** c) Factors considered in including of supervised release. The court is to comply with the factors at **3583** (a) **(1),** (a) **(2),** (A) **(4),** (A) **(5),** and (a) **(6);** c) and, returning to section **3553** Imposition of a sentence **no** reference to supervised release is disclosed, merely reference to the Guidelines, (emphasis added) --

**(6)**

21

The United States Sentencing Guidelines as promulgated by the United States Congress, purposes to establish sentencing set forth in 18 U.S.C. 3553 (a) (2), provide certainly and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities. The sentence imposed is to:

a) reflect the seriousness of the offense..., promote respect for the law, and to provide just punishment of the offense; b) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment... Again note, there is no reference to supervised release. Again, controlling section 18 U.S.C. 3551, Authorized Sentences does not authorize a sentence to supervised release in any fashion.

22

It is clear from full reading of the sentencing practice in Title 18, that inclusion of the term of supervised release is to be included as part of the term of imprisonment. This conclusion is based on numerous controversy in their application. When the authorization portion of the sentencing Code, Chapter 227, section 3551, Title 18 U.S.C. limits the sentencing power of the court to three types of penalty offenses described in any Federal Statue, other than an act of Congress applicable exclusively in the District of Columbia or Uniform Code of Military Justice, and Supervised release is not mention, then supervised release is not an authorized sentence. Section 3583, Title 18, for inclusion of term of supervised release after imprisonment works in harmony with the authorized charged conduct penalties and sentencing provisions only if it is applied during the term of punishment set by the sentence authorized by statue.

23

It is clear that supervised release is intended to be executed as part of the sentence. Reference to the order in a criminal cases settles the matter conclusively. Supervised release is mentioned under and after term of punishment with no qualifier that it is additional to the punishment authorized on the charge conduct and authorized sentence according to law No double Jeopardy is invoked when the sentence under the statue is executed as intended and stated by Congress. Example : 1) Sentence of Ten Years, One Hundred twenty month imprisonment authorized by law and issued by the judicial officer exclusively; 2) the sentence may be executed only by the Executed Branch; 3) the Executive Branch executes the sentence according to law; 4) the Execution may take any form, e.g. imprisonment and supervised release within the Ten Year. 5) Supervised release is set as part of the order at Five Years, Sixty Months, 6) the Supervised release

(7)

Term is to be subtracted from the overall sentence, leaving Five Years; Sixty Months imprisonment; 7) Statutory good Time, 18 U.S.C 3624, mandates Fifty for Days a year deduction from the term of imprisonment, now deleted 8) five years at Fifty Four days is Two Hundred Seventy Days which is deducted from the overall term of punishment, leaving four years Three Months. 9) The last Six Months imprisonment or ten percent of the sentence aggregated is to be served under conditions that will afford the prisoner reasonable opportunity to adjust to and prepare for prisoner's re-entry into the community corrections center time is ducted from imprisonment as well, leaving three years, nine months imprisonment. 10) The executive Branch holds sole exclusive power to apply all of the above, being subject to Judicial Review, only in the even administrative duties trespass on prisoner's due process rights. Given that the above is only valid on a lawful sentence, one obtained under full compliance with constitutional delimitations, the specter of double jeopardy comes into play as material, relevant legal issue concerning current application of supervised release after full term of imprisonment is served.

24

Careful reading of section 3583, at c) discloses previsions...if the term of supervised release is to be included... factor set forth is section 3553 (a) (1), (a) (2) )(B), (a) (2) (D), (a) (4), (a) (5). And (a) (6). "If" and "include" reference a sentence under the charging statute, which limits in harmony, probation, fine, or imprisonment as authorized sentence on offense conduct, now becomes clear in application, and execution.

25

The controlling factor clarifying the above is that charge offense does notice and opportunity to respond, to supervised release. Supervised release only appears during the minimal trial of sentencing, in which the court through its agent, the United States Probation officer, adds supervised release, a separate form of restraint of liberty, to the terms of the charged by the offense penalty under the statue, and authorized by sentencing statute.

26

In order for the court to maintain jurisdiction, both subject matter and person, it must have a valid statute under which to act. Jurisdiction, both subject matter and person, it must have a valid statute under which the act. Jurisdictional claims may not be defaulted, defendant need not to show "cause" to justify his failure to reach such claims. The government must give notice of enhancement being supervised release. Noticed by the judicial branch Pre-Sentencing Report, as prepared by the court office, U.S. probation, is not proper notice. The United States Attorney is sole authorized representative for the United States.

(8)

Notice via P.S.E. place the court in the executive function of prosecution, bridging the claim, of violation of separation of powers Bill of Attainer Clause of the Constitution. A **second punishment, a different** type, a different statute than charged, administered under the United States probation Officer, a court agent, **is illegal** in the extreme. Two punishments are barred by **Double Jeopardy**. New claims for a defendant to defend against under a separate statute violated Due Process is **double Jeopardy**. Execution of the supervised release as administered by the Courts of the United States, is a violation of the separation of powers. Supervised Released as a additional punishment after prison is **illegal** in the extreme.

27

**Double Jeopardy** is defined as second punishment as a second trial for the same offence, same transaction. Jeopardy as established by charge conduct statute and sentencing authorizing statute which are limited as stated above. Given that the above is taken from statement authorizing and controlling sentences and sentences issued by the United States, and that all acts by the United States are authorized or limited by its Constitution, **Double Jeopardy** controls as a matter of fundamental powers, e.g., the law, under due process, delimitation as guaranteed by **Fifth Amendment**.

28

Jeopardy is punishment as issued by the Judicial Branch, limited by statute. A second type of punishment brought under a separate statute is a **double punishment** inter alia, a new set of charges brought by the Judicial Branch in its Congressionally ordered Pre-Sentencing Report. Matters of sentencing under Constitution may not be waved as not third Constitutions delimitations is a jurisdictional issue, in relation to supervised release, or sentence enhancements, under **U.S.S.G.**, brought after the fact of original charges, being adjudicated. Both are **Fifth** and **Sixth** Amendment violations, in conflict with **Booker Apendi Jones** and others.

29

Authority to assign a double punishment on **same** transaction, **same** set by fundamental law, **same** law, to authorizes court to act, is **barred**, which means jurisdiction to issue a double punishment is **void**, not merely voidable. Proof of these points is of record in every criminal action. The **indictment** set, absolutely, the punishment available. **Any act taken by the court outside the indictment lacks subject matter jurisdiction in the sentencing context,** meaning the courts action, and multiple acts under the same indictment as a whole is a single prosecution transaction. Authority for the single transaction, a criminal prosecution, valid or not, is predicted by the indictment , which states all subjects to be applied against the defendant. Addition subject matter, e.g., supervised released or sentencing enhancements, under a new statue, is a **separate proceeding**.

(9)

Since January 12, 2005 the sentencing mini trial must comply with the Fifth and Sixth
Amendment protections. Prior sentence to supervised release, and in many cases
enhancements found by Judicial Officer on judicial claims do not meet Fifth and Sixth
Amendments compliance test under Booker Appendix, Jones and other Superior Court
Statements.

30

Usual is defined as not ordinary, unorthodox, distinctive, notable. In context of the
Constitution of the United States at Amendment Eight, unusual is behavior related to punishment
that shocks the moral sense of the community, some degrading punishment not known at the
common law. Two sentences of different types under different statutes, brought to a defendant
for answer, by different parties, e.g., branches of government as administered by these of highs
knowledge of law is unusual to say the least. Unconstitutional application of the United States
powers is oppressive in the extreme, and no one is bound to act outside designated and
delimited authority, nor should they be subject to such.

31

This issue of execution of sentence continuing a provision of supervised release is not a
judicial issue. The Executive forum holds power to adjudicate the matter under its administration
of justice mandate. Issue presented is that current jurisdiction for the sentence execution is
limited to statute in force and effect. Subject matter jurisdiction for the sentence as issued is
clearly limited by the record constructed by the courts of the United States above at paragraph
20.

32

All of the above is predicated on the lawful order for imprisonment being obtained
pursuant to full Constitution delimitations. The fact that the Supreme Court of the United States
nullified the foundational law P1 98-473, Oct 12, 1984, 1984, 98 Stat. 1987 et. seq., as amended
for noncompliance with Constitution construction does not allow a void, and empty hole with no
law effect. The prior law replaces by a nullified law is in effect at the precise instant, controlling
all acts taken under the invalid courts are not bound to enforce void as initio act, **Paint v.
Shalala 97 Fed 1351**, **Barlet v. Bowen 886 F.2d 695**. The courts thereafter have must be made
to appear clearly or plainly, undoubtedly, palpable, convincingly, unmistaken, inescapable on
highly persuasive, clear and convincing iffefragable evidence, American Jurisprudence Second,
Volume 16A, Section 200 and Supreme Court findings on facts, conclusion of law decision
issued January 12, 2005 No's; 04-104, 04-105.16A American Jurisprudence, Section 199 also
states a clear usurpation by the legislature of a prohibited power is manifest before a statute can
be pronounced unconstitutional and void.

(10)

Therefore, it is not on mere slightest implication or vague conjecture that the legislature can be said to have transcended its powers and passed legislation that must be considered void as stated in **Fleming v. Nestor 363 US** 603 Volume 16 A at Section 203 states "since unconstitutional dates from, the time of its enactment...in legal contemplation, is as inoperative as if it had never been passed and never existed, that is void ab initio. Such stature leaves the question that is purports to settle just as it, would be had the statue not been enacted." But rights acquired under a, stature that is adjudged invalid, even though the stature was considered valid by eminent attorneys; public officers and others, (emphasis added) and reliance on a statute which is subsequently declared unconstitutional does not protect one from civil responsibility for an act in reliance there on which would otherwise subject him or her liability in absence of such statute.) And further, Section **207**, Volume **16**A states "There are no degrees of constitutionality, so that an act is either Constitutional or unconstitutional."

33

As the sentence issued by a courts in their execution are solely the responsibility of the executive Branch, and each official is bound to **known the law, ignorance** being no excuse, it is axiomatic that prison officials knew on January 12, 2005, Supreme Court notice, they were and are required to take corrective measure, they have failed to act.

34

The law prior to **98-473, U.S.S.B.,** being in effect January 11, 2005, pursuant to Supreme Court notice, **means** sentence calculations falls under **prior law.** Title **18** U.S.C. Chapter **227 1987** edition, Chapter **311** and others returned to effective application a controlling law government sentences.

35

Note: This document is argued only due to the fact that an illegally obtained sentence to imprisonment is void inito and cannot be executed by any officer of the United States. All rights to litigation, a right to protect oneself., property, liberty are reserved under First Amendment Redress of Grievance against the Government, and the **Ninth** Amendment Reservation to hold all public officials to the higher standards and knowledge of the law, un-delegated rights and privileges guaranteed by the Constitution of the Unit4ed States. No government branch can authorize an Unconstitutional act.

36

Prior law controlling at time of sentence, any time between November 1, 1987 and January 12, 2005, means Bureau of Prisons/Federal Bureau of Prisons is required to correct all the sentences it has executed

(11)

Previously, which they failed to do for over nine months. Example: A) Ten years sentence accumulates ten days each month of imprisonment, 18 U.S.C. 4161. B) Certificates of Discharge issued upon release is good time deductions, with parole under contract to expiration of sentence less on hundred eighty days, 18 U.S.C 4161. C) Parole eligibility set at one third sentence or ten years on life sentence or sentence over thirty years, 18 U.S.C. 4205. D) Section 4205 authorizes sentencing judge to set minimum term of imprisonment, which may be less than,...but not more than one third maximum sentence imposed by the court, and at (2) may set maximum sentence or may specify parole commission determination for parole. E) Since no provision relating to parole or one third, time is contained in the order to imprisonment is evident, a current prisoner, by operation of law, receives full benefit of parole and one third, time release. F) Section 4206 (d) mandates any prisoner serving a sentence of five years of longer, who is not released under this action.., shall be released no parole after serving two third of term, provided no serious violation of rules has occurred, or that there is a proven probability he will commit an federal, state or local crime. G) Section 4207, 4208 set due process for parole occurring with section 4209, being parole conditions. As is shown, effect of presently controlling law, parole is to be executed by prison officials at the appropriate time, e.g. immediately, since PL 98-923 as amended is voided as to mandatory notice of act, U.S.S.G.

37

Parole is executed under authority of the Attorney General, and properly so. The Executive Branch is the sole holder of power to execute the law, as is exposed in 18 U.S.C 4210. Differences between parole as executed by the Attorney General and supervised Release as executed by U.S. District Court, powers confirms; Supervised Released is not legally enforceable. The code section as based on statute is clear. Example: A) Sentence of (120) one hundred twenty months accrues (1200) twelve hundred days, 18 U.S.C. 4161; B) Section 4161 states "Shall be entitled to deduction from the term of his sentence beginning with the day on which the sentence commences to run." C) Sentence as shown above is 120 months, inclusive of supervised released, parole, or other execution on sentence, 18 U.S.C. 3583. D) Open to conjecture...is the question of calculation of sentence as to total sentence or time served, less deductions are commencement of sentence; E) Good faith and common construction of the English language requires the deduction to be taken from the total sentence, in other words, off the top, 120 months, as stated clearly in section 4161 and 3583; F) Sentence of 120 months thus accurse 1200 days, leaving seventy-four months restraint of liberty as a penal institution as maximum term of imprisonment. G) Section 4164 places a prisoner on parole until expiration of the maximum term or terms for which he was sentenced, less one hundred eighty days; H) One hundred eighty days being six months, leaves a sentence to imprisonment of sixty-eighty months (68), less good time credited, 18 U.S.C. 4161.

(12)

38

The Petitioner is at this time being helded in violation of Fifth Amendment of United States Constitution.., being deprived of his liberty unlawfully.  On January 12, 2005 the Supreme Court of the United States "U.S. Vs. Booker" decleared "All judgments issued under the USSG (United States Sentencing Guidelines) are now Void for violations of the Fifth and Sixth Amendment". Which in fact deems the Petitioner's federal sentence under the USSG "Unlawful and Illegal"!!????

39

Until the Petitioner is [Resentence] pursuant to U.S. Vs Booker. His sentence as well as his confinement is in fact "Unlawful, Illegal, as well as a clear violation of the Petitioner's right to his liberty" Which is up helded by the Fifth Amendment of the United States Constitution. The only remedy to resolve this in fact Illegal sentence and depriving of this Petitioner's liberty is "Resentencing pursuant to U.S. Vs. Booker"!! This depriving of liberty will in fact continue as long as the Petitioner is continued to be held under the now VOID USSG!! All criminal sentence's under USSG November 1, 1987 to January 12, 2005 are now "VIOD" and deemed Illegal pursuant to U.S. Vs. Booker.

40

If not for the numerous Fifth and Sixth Amendment violation's of the USSG, the Petitioner may have received a lower sentence or possibility a term of probation.  The U.S. Vs. Booker ruling has clearly made it "Law" that the USSG has in fact violated the Fifth and Sixth Amendment right's of any one sentence under the USSG from November 1, 1987 to January 12, 2005. "The Petitioner can't be held nor confined under a law that is no longer law or valid!!"

41

It is a fact that the Petitioner was found guilty or pleased to offense and sentence under the USSG between November 1, 1987 and January 12, 2005. The Petitioner's "Habeas Corpus/Remand for re-sentencing is in fact the only cure for his now illegal sentence and depriving of the liberty. Said Habeas Corpus under 2241, is in fact the only cure for petitioner's and Inmate's who are not under direct review. To be remanded for re-sentencing pursuant to U.S. Vs. Booker.

(13)

42

The U.S. Vs. Booker ruling effect's both Petitioner's and Inmates' under direct review and those who have already exhaust there direct appeal and 2255 motion's. Do to the fact that said Petitioner's and Inmate's were also sentence under USSG prior to January 12, 2005. Make's there plea's or conviction's reviewable as well pursuant to $2241 "Habeas Corpus" and "U.S. Vs. Booker"!!

43

Do to the fact of the Supreme Court's ruling U.S. Vs. Booker never provided a remedy to those not under direct review, But the U.S. Vs. Booker ruling "Did not exclude relief for Petitioner's and Inmate's also sentence under the USSG". When the Supreme Court pursuant to U.S. Vs. Booker ruled that the USSG was now void due to violation's of the Fifth and Sixth Amendment's. "That ruling automatically applied to everyone sentence under the USSG from November 1, 1987 to January 12, 2005 and being confined by/do to USSG".

44

Habeas Corpus proceedings are relevant do to the fact that the Petitioner is being deprived from his liberty, by being confined based on invalid law "USSG". Making his sentence pursuant to USSG a violation of his Fifth and Sixth Amendment right's under the United States Constitution. Which also trigger's a violation of the Fifth Amendment under the United States Constitution Depriving the Petitioner of his liberty, which is the key element of the Petitioner's Habeas Corpus.

45

Fact it is now law pursuant to U.S. Vs. Booker the USSG is now void for violation's of the Fifth and Sixth Amendment's from November 1, 1987 to January 12, 2005. Deeming the Petitioner's sentence under a law (USSG) that is void and no longer mandatory, which not only means that the Petitioner's sentence is illegal, but also deems the Petitioner's Confinement Unlawful and a violation of the Fifth Amendment which is depriving the Petitioner of his liberty." These at hand Habeas Corpus proceedings clearly expose these facts of the Petitioner's illegal sentence and Unlawful depriving of his liberty.

(14)

46

### First Claim For Relief

The petitioner was sentenced under the USSG in the united state district court in Greenbelt,Maryland  in the 4[th]Circuit jurisdiction       Case No. 96-0285AW   Between November 1, 1987 and January 12, 2005. Pursuant to U.S. vs. Booker the Supreme Court ruled the USSG void for violation's of the Fifth and Sixth Amendment's See ¶ 1-4, 18, 32-35, 41-45, Deeming the Petitioner's Sentence under (USSG) "Illegal". The only cure for said action is resentence pursuant to U.S. vs. Booker or this illegal sentence will in fact stand unchanged.

47

### Second Claim For Relief

If the Respondent's….refuse to properly correct this matter pursuant to U.S. Vs. Booker. The Petitioner request to be released immediately due to the fact that he is at this time being held under a Void and Invalid law "USSG" (United States Sentencing Guidelines ).  A violation of the Petitioner's Fifth and Sixth Amendment right's pursuant to U.S. Vs. Booker.  Deeming his present confinement Illegal a violation of the Fifth Amendment "Being held Unlawfully and deprived of his liberty under an Invalid law being the USSG.

48

### Third Claim For Relief

The Petitioner was sentenced to an unlawful term of Supervised release placed at the end of his term of imprisonment, which is not authorized under 18 USC § 3583 clearly states that a term of Supervised release is required IF it is required by statute. See ¶ 5, 10-12, 17, 19-21, 24, 25.  Even if Supervised release were in the Statute a violation of such is in fact calculated pursuant to USSG § 7B1.1, 7B1.2, 7B1.3, 7B1.4, 7B1.5. But pursuant to U.S. Vs. Booker "Said USSG are void and no longer mandatory." Deeming such Illegal and unlawful for violations of the Fifth and Sixth Amendment.  And is clear that no one can be sentenced under the USSG, being that said is in fact a Void "Law" ordered by the Supreme Court of the United States. Supervised release is also a violation of the Fifth Amendment under Double Jeopardy.  See ¶ 26-29. Being said Supervised release should be Terminated accordingly.

(15)

49

## Conclusion

The Petitioner is well aware that a Petition of Habeas Corpus if granted would not release him nor resentence him. A Habeas Corpus is a for of a law suit. The proceeding's only determines if there were valid civil right violation's by the Repondent's. To support grounds for relief. The Petitioner has a fact stated a claim which he is entitled relief, pursuant to **U.S. Vs. Booker** as it was made into law the USSG is Void do to violation's of the Fifth and Sixth Amendment deeming the Petitioner's sentence Illegal as well as Unlawful. Being said the Petitioner is being held under an Invalid law which is also a clear violation of his **Fifth and Sixth** Amendment right's, "Being deprived of his liberty!!" A Writ of Habeas Corpus should be granted in the Petitioner's favor." For said United States Constitution right violation's. In the alternative, the petitioner prays that the honorable court would grant his motion to terminate his supervise release of five years, due to the fact that the petitioner has already served 115 months out of the 125 months the original court sentence him too. The granting of this motion would be served in the interest of justice to correct miscarriage of justice.

DATE _9-14-2006_

Respectfully Submitted

**OLADAYO OLADOKUN**
**3590 HAYES STREET NE #104**
**WASHINGTON DC 20019**