UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLADAYO OLADOKUN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 06-1595 (CKK) |

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's petition for a writ of habeas corpus. The petition will be dismissed.

Generally, petitioner challenges his sentence and supervised release term on the ground that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), renders the United States Sentencing Guidelines constitutionally invalid. A challenge of this nature must be brought in the sentencing court by motion pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (per curiam) (where petitioner attacks constitutionality of statute under which he was convicted and sentenced, proper remedy is by § 2255 motion). Petitioner was convicted and sentenced in the United States District Court for the District of Maryland. Pet. ¶ 46; *see United States v. Oladokun*, 166 F.3d 336 (4th Cir. 1998) (per curiam) (affirming conviction and sentence for bank fraud and being a felon in possession of a firearm) (table). Because petitioner was not sentenced in this Court, this action cannot proceed here.

Furthermore, § 2255 specifically provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis added). Petitioner's lack of success in a prior motion under § 2255, *United States v. Oladokun*, 229 F.3d 1145 (4th Cir. 2000) (per curiam) (denying certificate of appealability and dismissing appeal of district court's order denying § 2255 motion) (table), does not render the remedy inadequate or ineffective. *See Boyer v. Conaboy*, 983 F.Supp. 4, 8 (D.D.C. 1997). Petitioner cannot evade the statutory scheme by filing a petition for writ of habeas corpus in this Court. *See* 28 U.S.C. § 2244(a).

An Order consistent with this Memorandum Opinion is issued separately on this same date.

                                                    _/s/ Colleen Kollar-Kotelly_
                                                    United States District Judge

Date: Nov. 2, 2006